```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MARYANN COTTRELL,

                Plaintiff,             Civil No. 16-1689 (NLH/KMW)
v.
                                              OPINION
UNITED PARCEL SERVICE, et al.,

                Defendants.
_____
```

**APPEARANCES:**

Maryann Cottrell
31 S. Academy Street
Glassboro, New Jersey 08208
        *Pro Se Plaintiff*

JACKSON LEWIS, P.C.
By:  Joseph C. DeBlasio, Esq.
     Benjamin L. Rouder, Esq.
766 Shrewsbury Avenue, Suite 101
Tinton Falls, New Jersey 07724
        *Counsel for Defendants*


**HILLMAN, District Judge**

*Pro se* Plaintiff Maryann Cottrell is self-proclaimed advocate for the disabled. Plaintiff alleges that on a single day in 2014, she attempted to park in a handicapped parking spot at the Vineland SPCA but was prevented from doing so because a delivery truck operated by Defendant United Parcel Service ("UPS") was blocking her access. Both the Complaint and Proposed Amended Complaint assert two claims; one under the Americans with Disabilities Act,

1

42 U.S.C. § 12101 et seq. ("ADA"), and one under the New Jersey Law Against Discrimination, N.J.S.A. 10:6-1 et seq. ("NJLAD").[1]

Presently before the Court is Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to Amend.  For the reasons set forth below, the Court holds that Plaintiff has failed to state an ADA claim and amendment of the claim would be futile.  The Court will decline to exercise supplemental jurisdiction over the remaining NJLAD claim.  Accordingly, Defendants' Motion to Dismiss will be granted as to the ADA claim, and denied as moot as to the NJLAD claim.  Plaintiff's Motion for Leave to Amend will be denied as to the ADA claim, and denied as moot as to the NJLAD claim.

**I.**

Both the Complaint and the Proposed Amended Complaint allege the following.  On March 25, 2014 Plaintiff "encountered a denial of access to Cumberland County SPCA." (Compl. ¶ 23; Prop. Amend. Compl. ¶ 23)  A "UPS truck . . . was parked blocking access to the two remaining designated handicap parking spaces in [the] parking lot." (Compl. ¶ 24; Prop. Amend. Compl. ¶ 24)  Plaintiff allegedly is disabled (Compl. ¶ 13-14; Prop. Amend. Compl. ¶ 13-18), and "was at the Vineland SPCA to get a cat spayed." (Compl. ¶ 27; Prop. Amend. Compl. ¶ 27)

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2

**II.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

In the context of a Motion to Amend, the Court applies the same analysis in determining whether amendment would be futile. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

## III.

Both motions raise the same issue: whether Defendant UPS can be liable under the ADA based on the facts pled. The answer is no.[2]

The ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*." 42 U.S.C. § 12182(a)(emphasis added).

The statute defines a place of public accommodation as:

---

[2] The Court does not reach Defendant's independent argument that Plaintiff has not sufficiently pled her Article III standing to sue.

4

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

(B) a restaurant, bar, or other establishment serving food or drink;

(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;

(D) an auditorium, convention center, lecture hall, or other place of public gathering;

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

(G) a terminal, depot, or other station used for specified public transportation;

(H) a museum, library, gallery, or other place of public display or collection;

(I) a park, zoo, amusement park, or other place of recreation;

(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and

(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7).

The UPS delivery truck does not fall within the statutory definition of place of public accommodation; therefore Defendant UPS cannot be a "person who operates" a place of public accommodation.  Here, the place of public accommodation allegedly is the Vineland SPCA.

Accordingly, Plaintiff has failed to state an ADA claim against Defendant UPS, and amendment would be futile.

**B.**

The Third Circuit has repeatedly stated, "'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)(citing 28 U.S.C. § 1367(c)(3), and *quoting Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))(emphasis added); *cf. Sarpolis v. Tereshko*, 625 F. App'x 594, 600 (3d Cir. 2016)(affirming district court's retention and exercise of supplemental jurisdiction under § 1367(c)(3) because the district court had "an affirmative justification for exercising supplemental jurisdiction.")(quoting *Hedges*).

The Court finds no sufficient affirmative justification for

retaining supplemental jurisdiction of the remaining NJLAD claim. That claim will be dismissed without prejudice to Plaintiff's right to refile in the appropriate state forum.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted as to the ADA claim, and denied as moot as to the NJLAD claim.  Plaintiff's Motion to Amend will be denied as to the ADA claim, and denied as moot as to the NJLAD claim.  An appropriate order accompanies this opinion.

Dated: April 11, 2017                          ___s/ Noel L. Hillman____
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.